IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| TANA PATRIC WELCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-00180-MDH |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401 *et seq*. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the files and records, the Court finds the decision of the Commissioner is not supported by substantial evidence in the record as a whole and the decision is **REVERSED** and **REMANDED**.

### I. BACKGROUND

The procedural history, facts, and issues of this case are contained in the record and the parties' briefs, so they are not repeated here. Plaintiff is a 62-year old woman (at the time of the ALJ's decision) who applied for benefits and the ALJ found Plaintiff suffered from severe impairments of disorder of the back, hiatal hernia, history of heart disease, various GI-related diagnoses (e.g., interstitial cystitis, Barrett's esophagus, and gastritis), anxiety and depression. After finding Plaintiff's impairments did not meet or equal a listed impairment, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) except she cannot climb ladders, ropes or scaffolds and

1

can only occasionally climb ramps and stairs as well as stoop, kneel, crouch, crawl, balance, and bend; she can have only occasional interaction with the public and with co-workers and supervisors." The ALJ concluded that Plaintiff is able to perform her past relevant work as a sterilizer, stating "this work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." The ALJ found that claimant is able to perform the job of sterilizer as "actually performed."

Plaintiff argues on appeal that the ALJ erred in assessing Plaintiff's RFC and that the ALJ's step four determination is legally flawed.

## II. STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)). Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls

2

outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007).

## III.  DISCUSSION

After full and careful review of the record and briefs, the Court finds the ALJ's findings are not supported by substantial evidence in the record as a whole.

Generally, a treating physician's opinion is given at least substantial weight under the Social Security Administration regulations. 20 C.F.R. §§ 404.1527(c), 416.927(c), see also *Brown v. Colvin*, 2014 WL 1687430 *2 (W.D. Mo. 2014). However, such an opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Brown v. Colvin*, 2014 WL 1687430, at *2 (W.D. Mo. April 29, 2014); citing, *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004). Rather, an "ALJ may discount or disregard the opinion of a treating physician where other medical assessments are more thoroughly supported or where a treating physician renders inconsistent opinions." *Id.;* citing, *Wildman v. Astrue,* 596 F.3d 959,964 (8th Cir. 2010).

"In determining how much weight to accord a physician's opinion, the ALJ must take into account a variety of considerations including: whether the opinion is supported with facts and evidence; whether the opinion is consistent with other evidence and opinions, including the physician's own notes; and whether the physician's specialty gives her[or him] greater credibility." *Id,* citing, 20 C.F.R. §§ 404.1527(c), 416.927(c); and *Renstrom v. Astrue*, 680 F.3d 1057, 1065 (8th Cir. 2012).  The Court does not re-weigh the evidence presented to the ALJ and defers to the ALJ's determinations regarding the credibility of testimony, so long as it is supported by substantial evidence. See *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005).

Further, a claimant's subjective complaints may be discounted if there are inconsistencies in the record as a whole. *Id.*

First, the Court finds the ALJ did not properly explain the weight given to the medical records. For example, the ALJ gave "partial weight" to two State agency medical opinions but little weight to the treating physician records. The ALJ gave partial weight to the "opinion" of Dr. Chopra. Dr. Chopra's medical opinion was one paragraph, which stated, in its entirety,:

> 61 year old claimant alleging disability due to degenerative spine, FM, heart disease. AOD=1 0/01/11.
> Medical evidence currently in file reviewed. PRFC signed by Denise R. Trowbridge, MD, dated 1 0/29/12 is reaffirmed as written.

The ALJ did not give any basis for why he gave this opinion more weight than Plaintiff's treating physician. The ALJ found the treating physician's records "are not well-supported or consistent with the record," and referenced that Plaintiff "is able to perform all activities of daily living independently." The ALJ further references that Plaintiff often did not report pain and the records do not support her treating physician's findings, however, the record as a whole is not consistent with this determination. Plaintiff's treating physician opined that Plaintiff had numerous restrictions that the ALJ discredited without specific findings, including mental and physical limitations.

Further, the ALJ's determination gave partial weight to the other state evaluator, Dr. Trowbridge, but again does not provide his reasoning for doing so. The form or document filled out by Dr. Trowbridge references evaluations of Plaintiff, but the Court agrees with Plaintiff, it is unclear what part of the record reflects Dr. Trowbridge's opinions with regard to Plaintiff. The ALJ does not elaborate on his reasoning for rejecting Plaintiff's treating physician records and relying on the state evaluators.

4

The medical opinions of Dr. Morohunfola, Plaintiff's treating physician, reflect Plaintiff's pain was debilitating and that she had mental limitations based on Dr. Morohunfola's review of her mental state evaluation and his "general observations over the years." In order to discredit this treating physician's opinion the ALJ must address his reasons for doing so. Further, the ALJ did not provide any reason for rejecting all the medical records regarding Plaintiff's mental function. There are consistent opinions in the record regarding Plaintiff's impairment affecting her ability to work. Further, if there were inconsistencies or more information needed, the ALJ failed to obtain an opinion from a consultative examining doctor to reach his conclusion. On remand, if the ALJ finds it necessary to clarify the issues reserved for the Commissioner, the ALJ should re-contact the source for clarification and/or explain the basis for rejecting the medical opinions in the record.

In addition, in evaluating whether Plaintiff could return to her past work as a sterilizer, the ALJ must set forth her specific limitations and determine how those limitations will affect her RFC. *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000) (internal citations omitted). The ALJ must provide "explicit findings" regarding the physical and mental demands of Plaintiff's past work in light of the RFC to determine whether she could perform her prior duties. *Id.*

Plaintiff's description of her past work as a sterilizer stated she stood or walked during her entire shift, she never sat down, and she lifted surgery cases, some of which weighed 35 pounds and had to be lifted onto shelving. Plaintiff's job description is inconsistent with the RFC set forth by the ALJ. The ALJ stated Plaintiff could perform her job "as actually performed" in light of his RFC finding. However, the ALJ found Plaintiff could perform light work which typically does not involve lifting more than 20 pounds occasionally and standing and/or walking no more than 6 hours.

5

On remand, the ALJ should fully and accurately describe the medical evidence of record and explain how that evidence supports his determination of Plaintiff's RFC, his determination of impairments, and provide an explanation for the weight given to the medical opinions of Plaintiff's treating physicians, including an explanation for any alleged inconsistencies in the record and how they are factored into the ALJ's Determination.

## IV.  CONCLUSION

The Court finds the Commissioner's decision is not supported by substantial evidence in the record as a whole and the Commissioner's denial of benefits is hereby **REVERSED** and **REMANDED**.

**IT IS SO ORDERED**.

Dated: September 15, 2016                    */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**